THE MAYOR AND COUNCIL OF THE CITY OF ATLANTA, plaintiff in error, *vs.* THE MACON AND WESTERN RAILROAD COMPANY, defendant in error.

[BLECKLEY, Judge, having been of counsel, did not preside in this case.]

Where a municipal corporation has exchanged lots with a railroad company, under a contract that a street running through the land conveyed to said company, should be forever closed, and the company has expended large sums of money in improving said lot, building depots, tracks, etc., thereon, and the city now threatens to open said street, paying the usual damages therefor under the provisions of its charter, asserting that the municipal authorities had no power to make the contract above referred to:

*Held,* that a demurrer to a bill by the railroad company, setting forth the above recited facts, praying the cancellation of the contract of exchange of lands, or if that be impracticable, that it have such relief as a court of equity can alone give, was properly overruled.

Equity. Municipal corporations. Streets. Before Judge HALL. Fulton Superior Court. April Term, 1877.

Reported in the decision.

W. T. NEWMAN; P. L. MYNATT, for plaintiff in error.

A. W. HAMMOND & SON, for defendant.

WARNER, Chief Justice.

The complainant filed its bill against the defendant, alleging that it was the owner of a city lot in the city of Atlanta, between Alabama street and the right of way of the Western and Atlantic Railroad, which prevented the defendant from extending one of its streets (Prior street) through the same, without great cost in doing so; that defendant, being anxious to extend said street through complainant's said premises, proposed to swap a tract of land to be purchased of Peters, on Hunter street, in said city, for complainant's lot, which was done, on the terms agreed on by the parties, one of which was, that defendant was to shut up that portion of Hunter street lying west of Thompson street, extending to the old track of the Monroe Railroad Company, and across it, and complainant to use that part of said street as it might wish, by the erection of houses or otherwise. This agreement was consummated by the contracting parties, by the execution of the proper deeds of conveyance, the defendant having authorized its mayor, by a resolution, to perfect said trade. The complainant alleges that that part of Hunter street which was to be closed, existed in name only; part of it was a deep hollow, elsewhere was a hill, and it was wholly impassable for vehicles, horses, or footmen. The complainant expressly charges that the exchange of property as hereinbefore stated, would not have been made but for the assumption and stipulation by the defendant, that that part·of Hunter street should be closed, and which was the main inducement to the consummation of said bargain. The complainant further alleges, that in pursuance of said contract, it has expended in removing its tracks from the centre of the city to its new site, and in arranging its business there, in build-

ing a depot and warehouse, purchasing land adjoining its new location, leveling the land by digging down the high ground and filling in said part of Hunter street, and in settling a dispute as to its title to the old Monroe railroad embankment, the sum of $54,000.00. The complainant further alleges, that the defendant has notified it of its determination to open Hunter street across its track, and inviting it to appoint assessors under the provisions of the defendant's charter, to assess the damages. The prayer of the complainant is, that the contract may be rescinded, but if that cannot be done, it prays the court to do it that justice which a court of equity alone can do, in view of the facts of the case. To this bill of the complainant, the defendant filed a general demurrer, which was overruled by the court, and the defendant excepted.

The effect of the defendant's demurrer is to say, that what is charged in complainant's bill is true; that its lot conveyed to the defendant in the centre of the city was its property; that in part consideration therefor the defendant did agree to close up that part of Hunter street, as alleged, and although the complainant has acted on the faith of that agreement, made valuable improvements, and expended a large sum of money, still, inasmuch as the defendant has discovered that it did not have any lawful authority to make the contract to close up that part of Hunter street, it will now open it, and pay the complainant such damages only as may be assessed under the provisions of its own charter for taking private property in ordinary cases. Assuming it to be true, as insisted by the defendant, that it did not have the lawful authority to make the contract which it did for closing up that part of Hunter street mentioned in the record, it by no means follows that it would be equitable and just to allow the defendant now to open that part of the street over or through the complainant's property, and have the damages assessed therefor in the ordinary manner, in a common law court, as when private property is taken for the use of the public.

In view of the allegations contained in the complainant's bill, which the demurrer admits to be true, a court of equity alone can afford adequate and complete relief to the complainant. The demurrer was, therefore, properly overruled.

Let the judgment of the court below be affirmed.